J-S35034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LANE BOBBY REIGLE | : | |
| | : | |
| Appellant | : | No. 150 MDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2023
In the Court of Common Pleas of Perry County
Criminal Division at No(s):  CP-50-CR-0000009-2022

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:              **FILED: OCTOBER 30, 2023**

Lane Bobby Reigle appeals from the judgment of sentence imposed following his open guilty plea to one count of corruption of minors and four counts of selling or furnishing alcohol to a minor.[1] For these offenses, Reigle received an aggregate sentence of four to twenty-three months of house arrest to be followed by a twelve-month period of probation. In addition, stemming from his corruption of minors conviction, although he was found not to be a sexually violent predator, Reigle was required to register as a Tier I sex offender under the Sex Offender Registration and Notification Act ("SORNA") and maintain annual reporting on the statewide sexual offender registry for fifteen years. *See* 42 Pa.C.S. § 9799.10, *et seq*.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S. § 6301(a)(1)(ii); and 18 Pa.C.S. § 6310.1, respectively.

On appeal, Reigle singularly challenges the constitutionality of SORNA as applied to him, specifically arguing that the Act's legislative finding that sex offenders "pose a high risk of committing additional sexual offenses," 42 Pa.C.S. § 9799.11(a)(4), is unconstitutional because it creates an "irrebuttable presumption" against him and "unlawfully restricts his liberty and privacy without notice and an opportunity to be heard." Appellant's Brief, at 7. We find that Reigle has failed to demonstrate at least one of the prongs enumerated in **Commonwealth v. Muhammad**, 41 A.3d 1149, 1155 (Pa. Super. 2020) (outlining the three-part test for evaluating whether an irrebuttable presumption is unconstitutional), and therefore affirm his judgment of sentence.

As gleaned from the affidavit of probable cause, Reigle had been employed as a school bus driver, working for a bus company that was under contract with the local school district. In this capacity, Reigle was tasked with picking up and dropping off high school students.

In December 2021, after receiving a report that multiple students received alcohol and drugs from a current bus driver, Pennsylvania State Trooper Tre' S. Nelson went to the source of the report, West Perry High School, to investigate. When the Trooper arrived at that High School, its Dean of Students conveyed that he had obtained an email from a student stating that she had acquired tobacco and alcohol from Reigle. Further inquiry led to additional confirmation from other students that Reigle had purchased alcohol for minors to consume. In addition, those same students indicated that Reigle

had sexual intercourse with a minor, M.D.

When the Trooper tracked M.D. down, M.D. told him that Reigle was her daily bus driver. M.D. also admitted that she messaged Reigle on Facebook Messenger, a social media application, and told him that she wanted him in a sexual manner. In November 2021, Reigle picked M.D. up from her house and drove her to his house. Ultimately, the two engaged in sexual intercourse inside of a camper in his garage. Reigle then dropped her off at her house, and, according to M.D., the two did not speak to each other after that incident. M.D. had been seventeen at the time, while Reigle was twenty-two.

During a recorded interview with the Trooper, Reigle admitted to buying alcohol for one minor on more than one occasion but denied having purchased any alcohol for another minor whose name had also been mentioned as a possible recipient. Reigle further admitted to having sexual intercourse with M.D., materially confirming M.D.'s recollection of them having sexual intercourse in a camper on Reigle's property. **See** Affidavit of Probable Cause, 12/17/21, at 1-2.

Reigle pleaded guilty to the abovementioned offenses in October 2022 and was sentenced in January 2023 to house arrest to be followed by probation. The court also ordered Reigle to register as a Tier I sex offender. Reigle timely filed a notice of appeal from the court's imposition of his judgment of sentence, and the relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925. Accordingly, this appeal is ready for disposition.

Reigle raises one issue for our consideration:

1. Did the lower court err in overruling his objection to the imposition and constitutionality of SORNA's mandatory registration requirements?

*See* Appellant's Brief, at 4.

Reigle's "constitutional challenge is a question of law for which our standard of review is *de novo* and our scope of review is plenary." *Muhammad*, 241 A.3d at 1154 (citation omitted).

When addressing constitutional challenges to legislative enactments, we recognize that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. A party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Id*., at 1154-55 (citations and quotation marks omitted).

There are two types of constitutional challenges, facial and as-applied. A facial attack tests a law's constitutionality based on its text alone without considering the facts or circumstances of a particular case. The court does not look beyond the statute's explicit requirements or speculate about hypothetical or imaginary cases. An as-applied attack on a statute is more limited. It does not contend that a law is unconstitutional as written, but that its application to a particular person under particular circumstances deprives that person of a constitutional right. While as-applied challenges require application of the ordinance to be ripe, facial challenges are different, and ripe upon mere enactment of the ordinance. It is permissible to raise both facial and as-applied challenges to a statute.

*Id*., at 1155 (citations, quotation marks, and brackets omitted).

Here, Reigle argues that SORNA's registration requirement is

constitutionally infirm as applied to him.[2] ***See, e.g.***, Appellant's Brief, at 12 ("[T]his Court should find that the irrebuttable presumption that [Reigle] is likely to reoffend sexually is unconstitutional as applied to him."). Reigle claims that when he was found to be a Tier I sex offender, inherently subjecting him to SORNA's fifteen-year registration requirements, it "created an irrebuttable presumption that [he] pose[d] a high risk of committing additional sexual offenses[.]" ***Id***., at 7. As such, he was unconstitutionally "depriv[ed] … of his fundamental right to reputation."[3] ***Id***.

"An irrebuttable presumption is unconstitutional when it (1) encroaches on an interest protected by the due process clause, (2) the presumption is not universally true, and (3) reasonable alternative means exist for ascertaining the presumed fact." ***Muhammad***, 241 A.3d at 1155 (citation omitted).

We agree with Reigle that reputation is a constitutionally protected interest and further that "registration as a sex offender creates a presumption … that [he] is a dangerous adult who is likely to commit further sexual

---

[2] We note that Reigle has not provided any scientific evidence nor expert reports in support of his argument before the lower court. ***Cf. Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020) (remanding to court of common pleas to allow parties to introduce scientific evidence concerning defendant's facial constitutional challenge to SORNA's presumption of recidivism).

[3] The Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, *possessing and protecting* property and *reputation*, and of pursuing their own happiness." Pa. Const. art. I, § 1 (emphasis added).

- 5 -

offenses." *Id*., at 1158 (citation omitted). Moreover, Reigle "will not have any opportunity to challenge this designation or claim that []he has been rehabilitated throughout the fifteen-year registration period." *Id*.

However, Reigle's support for the second prong of the irrebuttable presumption analysis falls short of meeting the "high burden" necessary to demonstrate a constitutional violation. *See id.,* at 1155. In *Muhammad*, stemming from a custody dispute, the appellant was convicted of "interference with custody of children, false imprisonment, unlawful restraint, and conspiracy to commit these offenses." *Id*., at 1151 (footnote omitted). This Court found that, based on the facts that were presented, SORNA's recidivist presumption was not true as applied to the appellant: in addition to the appellant having no prior criminal history, there was no evidence that she "committed or intended to commit any acts of a sexual nature." *Id*., at 1158. Therefore, given the nature of her crimes, because of "the absence of any sexual misconduct[,] … she [was] not a high risk to commit additional (or any) sexual offenses." *Id*., at 1159.

*Muhammad* is clearly distinguishable. Despite, too, having no prior criminal record, Reigle, having admitted to having had sexual intercourse with a minor, *was* convicted of a crime involving sexual misconduct. *See* 18 Pa.C.S. § 6301(a)(1)(ii) ("Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age

… [.]"); **see also** Appellant's Brief, at 10 ("Although the charge of corruption of minors that [Reigle] plead[ed] guilty to [has] underlying sexual connotations … [.]").

While we acknowledge that M.D. "contacted [Reigle] via social media … [and] informed [Reigle] that she had sexual interest in him," **id**., that does not, *ipso facto*, demonstrate Reigle's lack of propensity to commit additional sexual acts. Even if Reigle's actions "do not indicate that he engaged in behavior that was predatory in nature," **id**., the irreputable presumption test requires this Court to ascertain whether the presumption that Reigle will recidivate is true. Other than providing a few sentences casting Reigle as one who was effectively a "passenger" when he had sexual intercourse with a minor, Reigle has failed to demonstrate, with any kind of authority, how his admitted sexual misconduct provides obvious evidence that he does not have a high risk of recidivating. Unlike the facts underpinning **Muhammad**, which featured a "clear" absence of sexual misconduct, Reigle's actions were inherently sexual in nature. As Reigle has presented nothing beyond the **Muhammad** case to evidence his lack of propensity to engage in further sexual offenses and he has failed to demonstrate how **Muhammad** is analogous to the present case despite the distinguishable facts here, Reigle has not shown that SORNA, as applied to him, is unconstitutional.

Accordingly, we affirm Reigle's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023